# UNITED STATES DISTRICT COURT

for the

Southern District of Illinois

Jarrod F Robinson # M34062 )
_____ )   Case Number: 25-60-DWA
_____ )         *(Clerk's Office will provide)*
_____ )
*Plaintiff(s)/Petitioner(s)* )
v. )   ☒ CIVIL RIGHTS COMPLAINT
Travis Bayley )   pursuant to 42 U.S.C. §1983 (State Prisoner)
Latoya Hughes )   ☐ CIVIL RIGHTS COMPLAINT
Anthony Wills )   pursuant to 28 U.S.C. §1331 (Federal Prisoner)
_____ )   ☐ CIVIL COMPLAINT
*Defendant(s)/Respondent(s)* )   pursuant to the Federal Tort Claims Act, 28 U.S.C.
)   §§1346, 2671-2680, or other law

## ᴊURISDICTION

**Plaintiff:**

A.   Plaintiff's maili    , address, register number, and present place of
confinement.

Menard correctional center

711 Kaskaskia st

Menard il, 62259

**Defendant #1:**   P.o Box 1000

B.   Defendant Travis Bayley _____ is employed as
        (a)    (Name of First Defendant)

administrative review board employee
        (b)         (Position/Title)

with 1301 concordia court Springfield il 62794
        (c)    (Employer's Name and Address)

_____

At the time the claim(s) alleged this complaint arose, was Defendant #1
employed by the state, local, or federal government?   ☒ Yes   ☐ No

If your answer is YES, briefly explain: Defendant #1 did and still Does
work in Springfield on the administrative review board!

Rev. 10/3/19

**Defendant #2:**

C.    Defendant _LaToya Hughes_ is employed as

(Name of Second Defendant)

_acting I.D.O.C. Director_

(Position/Title)

with _1301 Concordia Court Spring Field il 62794_

(Employer's Name and Address)

At the time the claim(s) alleged in this complaint arose, was Defendant #2 employed by the state, local, or federal government?    ☒ Yes    ☐ No

If you answer is YES, briefly explain: _Defendant # 2 was and - Still is the acting Director of I.D.O.C_

**Additional Defendant(s) (if any):**

D.    Using the outline set forth above, identify any additional Defendant(s).

Defendant - Anthony Wills

Employed - Warden of Menard C.C

Employer's Name & address - Menard CC I.D.O.C  711 Kaskaskia St
Menard il 62259

Yes - Defendant # 3 was and Still is the Warden of Menard C.C

Rev. 10/3/19

7. Approximate date of filing lawsuit: 04/19/2024

8. Approximate date of disposition:

9. Was the case dismissed as being frivolous, malicious, or for failure to state a claim upon which relief may be granted and/or did the court tell you that you received a "strike?" NO

## III. GRIEVANCE PROCEDURE

A. Is there a prisoner grievance procedure in the institution? ☒ Yes    ☐ No

B. Did you present the facts relating to your complaint in the prisoner grievance procedure?    ☒ Yes    ☐ No

C. If your answer is YES,
1. What steps did you take? on 9/16/2024 I wrote a grievance #K4-0924-4552 about being denied Protective Custody By the Administrative Review Board. and on 10/24/2024 I wrote a grievance #K4-1024-5634 about Being forced to take a shower with approved Protective custody and having to defend myself in a fight in that shower.

2. What was the result? The CAO still has not Ruled on None of this grievances. But administrative Review Board Had Denied me Protection Repeatedlly

D. If your answer is NO, explain why not.

E. If there is no prisoner grievance procedure in the institution, did you complain to prison authorities?    ☐ Yes    ☐ No

F. If your answer is YES,
1. What steps did you take?

Rev. 10/3/19

## II.    PREVIOUS LAWSUITS

A.    Have you begun any other lawsuits in state or federal court while you were in prison or jail (during either your current or a previous time in prison or jail), e.g., civil actions brought under 42 U.S.C. § 1983 (state prisoner), 28 U.S.C. § 1331 (federal prisoner), 28 U.S.C. §§ 1346, 2671-2680, or other law?  ☒Yes ☐No

B.    If your answer to "A" is YES, describe each lawsuit in the space below.  If there is more than one lawsuit, you must describe the additional lawsuits on another sheet of paper using the same outline.  **List ALL lawsuits in any jurisdiction and indicate the court where they were filed to the best of your ability**, including those that resulted in the assessment of a "strike" under 28 U.S.C. § 1915(g) and/or those that were dismissed for being frivolous, malicious, or for failure to state a claim (see 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2); Federal Rule of Civil Procedure 12(b)(6)).  FAILURE TO FULLY DISCLOSE YOUR LITIGATION HISTORY, INCLUDING "STRIKES," MAY RESULT IN SANCTIONS THAT INCLUDE DISMISSAL OF THIS ACTION.

1.    Parties to previous lawsuits:
Plaintiff(s): Jarrod Robinson #M34062

Defendant(s): ~~Smith Sullivan~~ For case# 24-CV-1681-RJD
J, Merriman / A, Smith / Sullivan / C, Pind / Harmon
For case# 3.24-CV-01138-SPM
Angela Cran / Anthony Wills

2.    Court (if federal court, name of the district; if state court, name of the county): In The United States District Court for The Southern District of Illinois

3.    Docket number: 1st Case No. 24-CV-1681-RSD / 2nd Case No. 3.24-CV-01138-SPM

4.    Name of Judge to whom case was assigned: Magistrate Judge, Reona, Daly

5.    Type of case (for example: Was it a habeas corpus or civil rights action?) For Case No. 3.24-CV-01138-SPM Civil right Action For Deliberate Indifference / For Case No. 24-CV-1681-RJD Civil Rights Action for Deliberate Indifference and Failure To Protect

6.    Disposition of case (for example: Was the case dismissed?  Was it appealed?  Is it still pending?): Both cases still pending

Rev. 10/3/19

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

### IV.    Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

1) On or Around April 2024 plaintiff Requested Protective Custody while housed at Menard C.C.

2) Plaintiff was moved to the Intake Protective Custody Unit.

3) Plaintiff was to be Interviewed For placement in Protective Custody.

4) Plaintiff identifies as an openly Gay male.

5) Plaintiff Requested Protective Custody because Openly Gay, Transgender, or any member of the LGBTQ are not accepted or allowed in Menard's general population.

6) LGBTQ are subjected to Sexual Abuse and Violent Assaults if they are placed in general population at Menard C.C.

7) On May 24th, 2024 plaintiff was denied protective Custody by defendant Anthony Wills (Warden)

8) Plaintiff appealed the defendant Anthony Wills decision and was subsequently denied by defendants Travis Baylee and Latoya Hughes.

9) Plaintiff Resubmitted For Protective Custody and was denied again on July 24th, 2024. Defendants Anthony Wills, and Latoya Hughes Refused to allow the plaintiff to live in

4

Revised 9/2007

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

protective Custody.

10) Plaintiff Resubmitted again for protective Custody but was denied again on Sept. 23rd, 2024.

11) Defendants Anthony Wills and Latoya Hughes insist that plaintiff's Sexuality won't Be a problem in Menard's C.C. general population.

12) On Oct. 14th, 2024 plaintiff was attacked in the shower.

13) Plaintiff was Suppose to be Intake Protective Custody, where they are not allowed to be around approved Protective Custody, or General population.

14) Plaintiff was forced to Shower with approved Protective Custody individuals and he was attacked by another prisoner for his Sexuality.

15) Plaintiff was Sent to Restrictive Housing.

16) Once Plaintiff was Released From Restrictive Housing he was denied protective Custody again.

17) Defendants Anthony Wills, Travis Baylee, and Latoya Hughes again denied plaintiff placement in Protective Custody.

18) Defendant Anthony Wills is the Warden of Menard C.C. and has instituted a policy of denying Individuals In Custody (IIC) Protective Custody placement in protective Custody.

19) Defendant Anthony Wills Knowingly and willingly violated the plaintiff's 14th amendment Due process and 8th amendment Cruel & Unusual punishment (failure to Protect).

20) Defendant Anthony Wills has Knowledge that the plaintiff's Sexuality endangers him if he is housed in Menard's C.C. general population.

21) Defendant Anthony Wills Knew the Risk of denying the plaintiff Protective Custody but instead chose to deny him anyways.

22) Defendant Anthony Wills failed to Protect the plaintiff from Assault. Which constitutes a violation of the 8th amendment.

23) Anthony Wills has implemented a systemic problem and encouraged denials of 'Individual In Custody' Request for Protective Custody.

24) Anthony Wills knowingly and willingly violated the plaintiff's 14th amendment equal protection clause.

25) Anthony Wills and his subordinates deliberately mistreat Transgender, and Gay males in his facility.

26) Defendant Latoya Hughes Knowingly and willingly violated the plaintiff's 8th amendment and 14th amendment.

27) Defendant Latoya Hughes has knowledge that plaintiff Sexuality would endanger him if he was housed in General Population at Menard C.C.

28) Defendant Latoya Hughes failed to protect the plaintiff from Assault. Which is a violation of the plaintiff's 8th amendment Free From Cruel & Unusual punishment. Failure to protect

29) Defendant Latoya Hughes Rejected the plaintiff at least 3 times for Protective Custody. Knowing that plaintiff cannot be housed in General population at Menard C.C.

30) Defendant Latoya Hughes Knowingly and willingly violated the plaintiff's 14th amendment equal Protection Clause.

31) Defendant Latoya Hughes has encouraged the mistreatment of Transgender and Gay males at Menard C.C. and throughout Maximum Security facilities in Illinois Dept. of Corrections.

32) Travis Baylee knowingly and willingly violated the plaintiff's 8th and 14th amendment.

33) Travis Baylee knew of the Risks plaintiff faced if he was denied Protective Custody.

34) Defendant Travis Baylee failed to protect the plaintiff from a future assault that occured. Which is a violation of the plaintiff's 8th Amendment. Failure to Protect.

35) Defendant Travis Baylee has a history of denying Trans, and Gay males protective custody. Which is a violation of the plaintiff's 14th Amendment. Equal protection clause.

36) Defendant Travis Baylee discriminates against LGBTQ Individual's In Custody. Which is a violation of the 14th Amendment. Equal Protection Clause.

37) Menard CC is a Maximum Security facility, Where violence occurs on the Regular. LGBTQ people are not allowed in General population because of Gang Rules. Defendants Lataya Hughes and Anthony Lewis are the Director of IDOC And Warden of Menard C.C. They do nothing to prevent violence against LGBTQ people. Which is a violation of the 8th amendment and 14th amendment.

Relief Requested: Each plaintiff is being sued in their official and Individual capacity. Plaintiff is asking to be placed into Protective custody or Transferred to a prison Where violence is a minimum against LGBTQ prisoners. Plaintiff is also Requesting $15,000 a piece from each defendant in Compensatory damages. And $10,000 a piece from each defendant in punitive damages.

EXHIBIT A PROVES I Have Been Denied PC more than a few and that I Have Fully exHausted my Remedies too the very top of adminisTration —

34) Defendant Travis Baylee failed to protect the plaintiff from a future Assault that occurred. Which is a violation of the plaintiff's 8th Amendment. Failure to Protect.

35) Defendant Travis Baylee has a history of denying Trans, and Gay males protective custody. Which is a violation of the plaintiff's 14th Amendment. Equal protection clause.

36) Defendant Travis Baylee discriminates against LGBTQ Individual's In Custody. Which is a violation of the 14th Amendment. Equal Protection Clause.

37) Menard CC is a Maximum Security Facility, Where violence occurs on the Regular. LGBTQ people are not Allowed in General population because of Gang Rules. Defendants Lataya Hughes and Anthony Wills are the Director of IDOC and Warden of Menard C.C. They do nothing to Prevent Violence against LGBTQ people. Which is a violation of the 8th Amendment and 14th Amendment.

Relief Requested: Each plaintiff is being Sued in their Official and Individual Capacity. Plaintiff is Asking to be placed Into Protective Custody or Transferred to a Prison where violence is a minimum Against LGBTQ Prisoners. Plaintiff Is also Requesting $15,000 a piece from each defendant in Compensatory damages. And $10.000 a piece from each defendant in punitive damages.

EXHIBIT 1 proves i Have Been Denied PC more than a Few and That i Have fully exhausted my remedies Too the Very Top of administration —



| JB Pritzker | | Latoya Hughes |
| Governor | | Acting Director |

## The Illinois Department of Corrections

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

October 24, 2024

(EXIBIO Q)

Jarrod Robinson
Register No. M34062
Menard Correctional Center

This is in response to your recent request for Protective Custody placement. In accordance with DR501D, the Menard Correctional Center administration notified you that your request for protective custody was denied October 10, 2024. This office has determined the issue will be addressed without a formal hearing.

A prior review was conducted by the Administrative Review Board relative to the denial of protective custody placement while at the Menard Correctional Center on the following dates: 9/23/24 7/29/24, and 5/29/24. No new information has been provided since these reviews to warrant a change of decision. The Director also denied these previous requests for protective custody placement.

Therefore, this office recommends the grievant's request for Protective Custody placement be denied and grievant be returned to General Population.

FOR THE BOARD: _____

Travis Bayler
Administrative Review Board

CONCURRED: _____

Latoya Hughes
Acting Director

cc:    Warden, Menard Correctional Center
       Robinson, Jarrod, Register No. M34062

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

**www.illinois.gov/idoc**



Jarral Robinson # M34062
Menard CC P.O. Box 1000
Menard il 62259

legal mail
1·8·25

MAIL CLEARED
US MARSHALS

Correspondence from
Individual in Custody

Legal Mail

US POSTAGE IMI PITNEY BOWES
ZIP 62259 $ 000.97⁰
02 4W
0000387519 JAN 10 2025

UNited States District court
750 missouri ave
St. louis il 62201



RECEIVED

JAN 15 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE